### In re PARSCHEN.

(Circuit Court, N. D. Ohio, E. D.　June 18, 1902.)

1. BANKRUPTCY—RIGHTS OF WIDOW ON BANKRUPT'S DEATH.

Under Bankr. Act 1898, § 8 [U. S. Comp. St. 1901, p. 3425], providing that on the death of a bankrupt pending the bankruptcy proceedings his widow shall be entitled to the allowances fixed by the laws of the state of the bankrupt's residence, a widow of a bankrupt residing in Ohio is entitled to reside a year in the mansion house of her deceased husband, if dower is not sooner assigned, as provided by Ohio Rev. St. § 4188.

2. SAME.

The widow is also entitled to the articles enumerated in Ohio Rev. St. §§ 6038, 6039, or, in their absence, their equivalent in money, to be reserved out of the estate, and also the allowance for a year's support for herself and children fixed by the probate court appraisers, and approved by the court, as provided by section 6040.

3. SAME.

The property and allowances awarded the widow by Ohio Rev. St. §§ 6038–6040, are in lieu of the exemptions the husband would be entitled to from the bankrupt estate in case he had lived, the right to exemptions expiring with his life.

In Bankruptcy.

Smith & Taft, for widow.
R. A. Castner, for trustee.

WING, District Judge.　Section 8 of the bankruptcy act of 1898 [U. S. Comp. St. 1901, p. 3425] provides that, in the event of the death of the bankrupt pending the proceedings, the widow and children shall be entitled to all right of dower and allowance fixed by the laws of the state of the bankrupt's residence.　Section 4188 of the Revised Statutes of Ohio provides that the widow may remain in the mansion house

of her deceased husband for one year, if dower is not sooner assigned. That is a right which the widow in this case is entitled to enjoy, and it was so held by the referee. As against the trustee of the bankrupt, the court holds that she be yielded that right. Sections 6038, 6039, Rev. St. Ohio, provide that certain articles, or, in their absence, the equivalent in money, be reserved to the widow out of the estate; and by section 6040, Rev. St. Ohio, an allowance is made to the widow and children for their support. All of these rights of the widow are allowances, and should be recognized as distinguished from her right of dower.

By the sections referred to, the appraisers appointed by the probate court are the persons designated to make this allowance for the support of the widow. The action of the appraisers may be reviewed, but, if not changed by the court, it fixes the amount. In this case the sum of $600 was set off and allowed to the widow by the action taken in the probate court. This amount should be paid to her by the trustee, providing that amount shall remain in his hands after payment of costs and any mortgage to which the widow was a party, out of its appropriate fund.

The widow is not entitled to the exemptions demanded by the husband. Even though the bankrupt were entitled to withhold from distribution to his creditors property or money during his lifetime, that right expired with his life. It is the intention of the statutes to give to the widow a year's allowance, and the property and money described in section 6038, in lieu of the exemptions which might have been claimed and held by the husband in his lifetime. It certainly cannot be the intention of the statutes to give to a widow, out of the estate of her husband, who has commenced proceedings in bankruptcy, more than she would have been entitled to had he not commenced such proceedings. To give to the widow both the exemptions reserved by the husband in his proceedings in bankruptcy and the allowances provided by the statutes of Ohio would bring about such a result.

An order may therefore be drawn directing—First, that the trustees permit the widow, Ida M. Parschen, to remain in the mansion house for the period of one year, unless dower is sooner assigned to her therein; second, that the trustee pay to her the allowance made to her under sections 6040, 6041, Rev. St. Ohio, to wit, the sum of $600, provided there shall be so much in his hands after paying costs and any mortgage to which the widow was a party out of funds arising from the sale of the mortgaged premises; third, that the trustee permit her to retain such parts of the assets of said estate as are mentioned in section 6038 Rev. St. Ohio; fourth, that nothing be paid or turned over to Charles H. Stearns, executor of the estate of A. W. Parschen, on account of exemptions claimed by said Parschen in the proceedings in bankruptcy.

The decision of the referee, to the extent that it is inconsistent with the above holding, is overruled, and exceptions by the trustee noted.